UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALAN J. ROSS and RUTH ROSS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 19-10798-LTS |
| DEUTSCHE BANK NATIONAL COMPANY d/b/a DEUTSCHE BANK and DEUTSCHE BANK NATIONAL COMPANY in its capacity as Indenture Trustee for New Century Home Equity Loan Trust 2005-4, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 13)

September 24, 2019

SOROKIN, J.

Alan J. Ross and Ruth Ross brought suit against Deutsche Bank National Company, and Deutsche Bank National Company in its capacity as Indenture Trustee (collectively, "Deutsche Bank"), to enjoin the foreclosure of their home. They assert a breach of contract claim in connection to a settlement agreement between the parties, a product of a previous foreclosure proceeding involving the Rosses' property. Deutsche Bank has moved to dismiss the suit for failure to state a claim. For the reasons expressed herein, the motion to dismiss is ALLOWED.

I.  FACTS[1]

Since September 1986, the Rosses have been the owners of the property at 974 Dedham Street in Newton, Massachusetts. Doc. No. 6 ¶ 3. In June 2005, the Rosses applied for and

---

[1] The Court recounts the facts as they are alleged in the Amended Complaint and the accompanying exhibits.

1

accepted a loan in the amount of $500,000 ("the Loan") from New Century Mortgage Corporation ("New Century"). Doc. No. 6-1 at 1.[2] A promissory note ("the Note") evidenced the Loan, and the Note was secured by a mortgage encumbering the property ("the Mortgage"). Id. In August 2005, the Note and the Mortgage were transferred from New Century to Deutsche Bank. Id. at 2. In May 2007, New Century sold the loan servicing rights to Carrington Mortgage Services ("Carrington"). Id. The Rosses defaulted on the Loan in December 2006, and after further defaults in 2008 and 2010, they entered into loan modification agreements with Carrington. Id.

On or about December 1, 2010, Carrington commenced foreclosure proceedings. Id. The Rosses brought suit in Middlesex County Superior Court on March 7, 2012, to request a preliminary injunction, which was granted on March 12, 2012. Id. Deutsche Bank filed a notice of removal to another session of this Court on April 4, 2012. Id. Following a hearing and subsequent mediation, on September 11, 2013, the parties executed a Settlement Agreement and Unconditional General Release ("the Settlement Agreement"). Doc. No. 6 ¶ 7. The Settlement Agreement permitted the Rosses to remain at the residence for an 18-month period from the time of the execution of the Settlement Agreement ("the Occupancy Period") but required them to surrender their home on February 1, 2015. Doc. No. 6-1 at 4.

In relevant part, the Settlement Agreement states: "Upon the execution of this Settlement Agreement, [Deutsche Bank and Carrington] shall continue with the Foreclosure Proceeding. . . . Without limiting the generality of the foregoing, during the Occupancy Period, Borrowers acknowledge and agree that the Lender will restart the Foreclosure Proceeding in accordance with M.G.L. ch. 244[.]" Id. at 3. After the expiration of the Occupancy Period and the surrender

---

[2] Citations to items appearing on the Court's electronic docket ("Doc. No. __ at __") reference the document and page numbers appearing in the ECF header.

of the property, any of the Rosses' loan debt not recovered via the foreclosure sale would be forgiven, and the Rosses further waived any future claims against Deutsche Bank or its agents involving their property. Id. at 6, 8. Additionally, the Settlement Agreement provides that "[n]o delay or omission by the Lender in exercising or enforcing any of [Deutsche Bank's] powers, rights, privileges, remedies, or discretions hereunder shall operate as a waiver thereof on the occasion nor on any other occasion." Id. at 7. Finally, the Settlement Agreement notes that "[t]ime is of the essence with respect to the performance of any and all provisions of this Agreement." Id. at 11.

After the Occupancy Period expired on February 1, 2015, the Rosses relocated to their new residence in Watertown, Massachusetts. Doc. No. 6 ¶¶ 8, 19; Doc. No. 14 at 5–6. The Rosses twice notified Deutsche Bank and Carrington of their updated address. Doc. No. 6 ¶ 8. But the Rosses were unaware of any action taken to proceed with the foreclosure until sometime after January 23, 2019—over five years after the execution of the Settlement Agreement—when Deutsche Bank filed affidavits in Massachusetts Land Court under the federal Servicemembers Civil Relief Act (SRCA). Id. ¶ 9. It was not until "various real estate brokers solicit[ed] potential business" from the Rosses that they were made aware of the fact that Deutsche Bank had reinitiated foreclosure proceedings. Id. ¶ 10. Thus, the Rosses come before this Court contesting the proceedings, alleging a breach of the Settlement Agreement and seeking both a permanent injunction against Deutsche Bank foreclosing their home and a declaratory judgment ruling the Note and the Mortgage tied to their property are null and void. Id. ¶¶ 21, 24, 27.

II.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v.

3

Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The pleader must "'show' an entitlement to relief" by including in the complaint "enough factual material 'to raise a right to relief above the speculative level'" if the facts alleged are accepted as true. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8(a). In assessing whether a complaint withstands a Rule 12(b)(6) challenge, courts "employ a two-pronged approach." Ocasio-Hernandez, 640 F.3d at 12.

First, statements in the complaint that amount to "threadbare recitals of the elements of a cause of action" are identified and disregarded. Id. (quotation marks and brackets omitted). So, too, are "bald assertions, subjective characterizations and legal conclusions." DM Research, Inc. v. Coll. Of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (quotation marks omitted). As the First Circuit has warned, such statements "are a danger sign that the plaintiff is engaged in a fishing expedition." Id. "[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome." Id. (emphasis in original).

Second, "[n]on-conclusory factual allegations" are "treated as true, even if seemingly incredible." Id. If such allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and thereby "state a plausible, not a merely conceivable, case for relief," then the motion to dismiss must be denied. Id. (quotation marks omitted); accord Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citation omitted).

III.  DISCUSSION

  A.  Breach of Contract

The Rosses' primary claim alleges a breach of the Settlement Agreement[3] arising from the manner in which Deutsche Bank reinitiated the foreclosure proceedings.  Doc. No. 6 ¶¶ 11, 13.  Under Massachusetts law, the elements of a breach of contract claim are as follows: "plaintiffs must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiffs sustained damages as a result of the breach."  Brooks v. AIG SunAmerica Life Assurance Co., 480 F.3d 579, 586 (1st Cir. 2007).  The parties do not dispute the existence of a valid contract.  Doc. No. 14 at 9.  Questions as to breach and damages are before the Court.

The absence of damages resulting from an alleged breach is fatal to a breach of contract claim.  Brooks, 480 F.3d at 586; see also Singarella v. City of Boston, 342 Mass. 385, 387 (1961) (noting that an essential element of a breach of contract claim is that the plaintiff suffered damages causes by the alleged breach).  The Rosses make no claim as to any monetary losses that they have suffered by Deutsche Bank reinitiating foreclosure proceedings.  By their own admission, in their Amended Complaint they state that "damages cannot provide an adequate remedy for an unlawful mortgage proceeding and auction."  Doc. No. 6 ¶ 21.  The only stated harm that the Rosses have alleged is that they "have suffered public humiliation that has caused unnecessary embarrassment, stress and emotional pain and suffering."  Id. ¶ 23.  Massachusetts law requires more: "When . . . [contract] damages are sought they must be proved and not left, as here, to speculation."  Thomas & Betts Corp. v. New Albertson's, Inc., 187 F. Supp. 3d 229, 234

---

[3] The Court considers the Settlement Agreement because it was attached to, and sufficiently referred to throughout, the Amended Complaint, it is central to the Rosses' claim, and its validity is undisputed by the parties.  Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

(D. Mass. 2016) (quoting Puritan Med. Ctr., Inc. v. Cashman, 413 Mass. 167, 181 (1992)). Furthermore, as a general matter, Massachusetts law bars the recovery of damages for mental suffering in breach of contract claims. See, e.g., Jennings v. Nathanson, 404 F. Supp. 2d 380, 396 (D. Mass. 2005) ("Under Massachusetts law, however, 'damages for mental suffering are generally not recoverable in an action for breach of contract.'"). Thus, Count II fails to state a viable claim. Accordingly, the motion to dismiss is ALLOWED as to Count II.[4]

B.      Injunctive Relief and Declaratory Judgment

Next, the Rosses allege that "as a result of Defendants' knowing and willing violation of the Settlement Agreement they lack the authority to conduct a foreclosure sale and as a result damages cannot provide an adequate remedy for an unlawful mortgage proceeding and auction." Doc. No. 6 ¶ 21. They ask this Court for injunctive relief on the ground that Deutsche Bank failed to take "actions that they were contractually obligated to perform" before proceeding with the foreclosure. Doc. No. 6 at 6 (Count I heading). An injunction, however, is not an independent cause of action, but a remedy.[5] See Payton v. Wells Fargo Bank, N.A., No. 12-11540-DJC, 2013 WL 782601, at *6 (D. Mass. Feb. 28, 2013) ("[I]njunctive relief is not a stand-alone cause of action under Massachusetts or federal law."). In order to be entitled to the remedy, a claim that will prevail on the likelihood of the merits must be established. Here, the

---

[4] Because the Rosses have not established one of the cornerstones of a breach of contract claim in the form of damages, the Court need not address the other issues they have raised. However, the Court notes that Deutsche Bank has raised serious questions as to the Rosses' claim, and moreover, to their ability to successfully amend their complaint to make their claim viable.

[5] To the extent that the Rosses wish to file an appropriate motion for a preliminary injunction, the Court notes that the applicable standard to allow such a motion concerns four factors, the primary one being the claim's likelihood to prevail on the merits. "[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Jean v. Massachusetts State Police, 492 F.3d 24, 26–27 (1st Cir. 2007) (quoting New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)). The same pleading deficiencies that justify dismissal here would be grounds for denial of such a motion.

Rosses have even failed to plausibly state such a claim. Accordingly, the motion to dismiss is ALLOWED as to Count I.

Finally, alleging that Paragraph 18 of the Settlement Agreement releases them of all claims by Deutsche Bank, the Rosses seek a declaratory judgment that the Note and the Mortgage encumbering their property are null and void. Doc. No. 6 ¶ 27. However, the Settlement Agreement does no such thing. The Settlement Agreement explicitly provides that "Except as expressly set forth herein, nothing in this Agreement shall alter, modify, extent to, or affect in any way any of the obligations in the underlying Loan Documents nor the rights and remedies of the Borrowers there under." Doc. No. 6-1 at 6. Accordingly, the motion to dismiss is ALLOWED as to Count III.

IV. <u>CONCLUSION</u>

For the foregoing reasons, Deutsche Bank's motion to dismiss (Doc. No. 13) is ALLOWED.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge